BLD-041                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3080
_____

BRYAN ANGLE,
                              Appellant

v.

KEITH A. HAYES; TERRENCE FARRELL;
KATHI COZZONE; RYAN COSTELLO;
VALERIE CAPABANCO; ALEXANDRIA KING,
in their individual and official capacities
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-14-cv-02325)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 20, 2014

Before:  AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 25, 2014)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Bryan Angle, a Pennsylvania inmate proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint. For the reasons set forth below, we will summarily affirm.

## I.

Angle claims that the defendants embezzled and stole his money. From 1995 to 2006, the Chester County Department of Children, Youth and Families ("CCDCYF") had custody of Angle. Angle alleges that during this time he was entitled to a state payment of approximately $95.00 per month, but that he only received these payments from 1999-2001 and 2003-2005. Over the years, Angle and his mother contacted CCDCYF and certain defendants about this issue, but to date he has not received the remaining funds.

As such, in April 2014, Angle filed this 42 U.S.C. § 1983 action alleging that the defendants—current and former CCDCYF employees—violated federal law and his constitutional rights. The District Court dismissed the complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because Angle filed his claim beyond the statute of limitations period. Angle timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal order is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We will summarily affirm because this appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The District Court dismissed Angle's complaint because he filed it too late. We agree. Angle had two years from the date his § 1983 claim accrued to file his complaint. See 42 Pa. Cons. Stat. § 5524(2); Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). His claim accrued when he "knew or should have known of the injury upon which [his] action is based." Kach, 589 F.3d at 634 (internal quotation marks omitted). Angle's allegations indicate that he knew of the wrongdoing as it was occurring. However, because Angle was a minor at the time, the statute of limitations did not begin to run until his eighteenth birthday. See 42 Pa. Cons. Stat. § 5533(b)(1)(i)-(ii); Kach, 589 F.3d at 640. Angle turned eighteen in 2006, giving him until 2008 to file his claim. Angle's 2014 complaint, therefore, was untimely.

Angle alleges that because he has still not received the money, it is a continuing issue. Construed broadly, Angle may be attempting to invoke the continuing violations doctrine to toll the limitations period. This equitable exception, however, "is occasioned by continual unlawful acts, not continual ill effects from an original violation." Cowell v. Palmer Twp., 263 F.3d 286, 293 (3d Cir. 2001) (quoting Ocean Acres Ltd. v. Dare Cnty. Bd. of Health, 707 F.2d 103, 106 (4th Cir. 1983)) (internal quotation marks omitted). Angle alleges that his payments were wrongfully withheld through 2006. He does not allege that the defendants engaged in any later wrongful acts; rather, he alleges that he continues to suffer from the original wrongful withholdings. Such allegations do not fit the continuing violations doctrine.

3

Angle's claim is time barred and cannot be cured by amendment.  Therefore, the District Court properly concluded that amendment would be futile and dismissed Angle's complaint with prejudice.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

III.

There being no substantial question presented on appeal, we will summarily affirm.